IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CUSTOMINK, LLC, )<br>)<br>Plaintiff, )<br>) | Case No. 1:11cv-662 CMH-TCB |
| v. )<br>) | |
| SHIRTMAGIC, LLC, )<br>)<br>Defendant. ) | |

**DEFENDANT SHIRTMAGIC, LLC'S MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL BETTER ANSWERS
TO INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Defendant, ShirtMagic, LLC, ("Defendant" or "ShirtMagic") by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 37 and Local Rule of the Eastern District of Virginia Rule 37, hereby files this memorandum of law in support of its motion to compel and states as follows:

**RELEVANT FACTS**

1. ShirtMagic served Plaintiff with interrogatories and requests for production on September 20, 2011. *See interrogatories attached hereto as Exhibit A and requests for production attached hereto as Exhibit B.*

2. Their responses were due on October 24, 2011.

3. On October 7, 2011, Plaintiff served numerous improper and unspecific objections. *See Plaintiff's objections to ShirtMagic's First Set of Interrogatories attached hereto as Exhibit C and objections to First Set of Requests for Production attached hereto as Exhibit D.*

4. On October 24, 2011, Plaintiff served its responses to interrogatories and requests for production wherein it alleged new objections, together with a CD-ROM containing some copyright deposit files and a table. *See Plaintiff's responses to interrogatories attached hereto as Exhibit E and Plaintiff's responses to requests for production attached hereto as Exhibit F*.

5. Plaintiff's sole response to the discovery requests was one table partially listing the names of persons who created works. This list identified the creator of the "User terms", a part of the deposit submitted by Plaintiff as its own work of authorship for copyright registration number TXu1-181-727 and one upon which a claim of infringement is based in the complaint, as "attorney." Plaintiff did not identify the name of the attorney. *See page identifying attorney as author of work attached hereto as Exhibit G.*

6. Plaintiff provided six out of the seven copyright files that were requested. No copy of TX 7-349-609 was provided.

7. Plaintiff's written responses restated old and stated new objections including general objections.

8. Plaintiff's responses were vague and incomplete.

9. Undersigned counsel certifies that it has met and conferred with opposing counsel and has engaged in a good faith effort to resolve these issues. A long meet and confer conference call was held where the parties reviewed each request and interrogatory. Production of supplemental answers was promised on two separate dates. *See meet and confer letter attached hereto as Exhibit H and e-mails asking for production attached hereto as Exhibit I*.

10. On Friday, November 4, 2011, Plaintiff responded to the meet and confer letter agreeing to supplement on certain points but refusing on obvious points such as the withdrawal of the general objections, the identification of the attorney listed in the evidence and the

clarification of when they first learned of the alleged website infringement.  *See Plaintiff's letter attached hereto as Exhibit J.*

11. Additional production was received on Tuesday November 8, 2011, which failed to remedy the shortcoming addressed below.  Moreover, the production was lumped together and not organized according to request in an apparent attempt to obfuscate and cause delay.

12. ShirtMagic made a further effort to resolve the disputes, but receiving no prompt response and due to the tight timelines in this case, was forced to proceed with this motion.

## ARGUMENT

Discovery under the Federal Rules of Civil Procedure seeks to "disclose all relevant and material evidence before trial in order that the trial may be an effective method for arriving at the truth[.]" *Guilford National Bank of Greensboro v. Southern Railway Co.*, 297 F.2d 921, 924 (4th Cir. 1962).  Plaintiff's failure to provide even marginally adequate responses and its further refusal to comply with its own promises to supplement impedes the ability of the parties and the Court to achieve a resolution of this lawsuit and should not be countenanced.  Rule 26 of the Federal Rules of Civil Procedure is broad and permits parties to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]"  Fed. R. Civ. P. 26(b).  Rule 37(a)(2)(B) enforces this obligation by providing that if the non-discovering party does not comply with Rule 26, "the discovering party may move for an order compelling an answer[.]' "  Fed. R. Civ. P. 37(a)(2)(B); *see e.g., Hall v. Sullivan*, 231 F.R.D. 468 (D. Md. 2005).  Rule 37(a)(4) further provides that the non-discovering party may be ordered to pay the moving party's reasonable costs and expenses incurred in making a motion to compel, including attorney's fees.  *See*, Fed. R. Civ. P. 37(a)(4).

In this case, ShirtMagic properly served its first set of requests for production of documents and first set of interrogatories on Plaintiff on September 20, 2011. *See Exhibits A & B*. Despite an hour-long telephone meet and confer conference and various follow-up e-mails, no supplement has been provided. *See* Exhibit C. Plaintiff's failure to cooperate in discovery is properly met with an order compelling it to respond to ShirtMagic's interrogatories and to produce responses and documents to the outstanding requests, without objections. Fed. R. Civ. P. 37(a)(2)(B). Counsel for ShirtMagic has repeatedly attempted to resolve this issue without court intervention. Because ShirtMagic's good faith efforts to obtain the requested discovery have failed, ShirtMagic is left with no choice but to bring the instant Motion to Compel.

**General objections**. Plaintiff recites and readopts general objections in response to each of its request responses and interrogatory responses. The general objections are of two types. First, Plaintiff objects to the instructions provided with Defendant's discovery. Second, Plaintiff objects on the basis of privilege, work-product and any other form of privilege. It then applies these general objections to most of its responses by reference. Plaintiff does not explain to what extent the instructions exceed the rules or whether privileged documents actually exist and are being withheld. In fact, Plaintiff has not filed a privilege log with its response. As a result of these general objections, ShirtMagic is unable to determine if the responses that it is receiving are complete.

Such re-pleading of general objections is improper. Federal Rule of Civil Procedure 33 requires objections to discovery to be made with specificity. For that reason, this Court discourages the use of general objections. Defendant's "General Objections" and "General Statements" contained in its Amended Objections do not relate to any particular discovery request and, in fact, are nothing more than boilerplate and are designed to obfuscate. It is

impossible to tell which, if any, of these General Objections or General Statements would actually be relied upon with respect to any particular Interrogatory. "They are not specific nor appropriate and are, therefore, stricken." *Barb v. Brown's Buick, Inc.*, CIV. A. 1:09CV785, 2010 WL 446638 (E.D. Va. Feb. 2, 2010). These objections should be struck as to all interrogatories and requests for production produced by Plaintiff.

**Requests for Production Deficiencies.** With regard to the substantive responses, ShirtMagic specifically moves to compel the following production with respect to the following requests:

> Request 5: All documents relating to any damages Plaintiff alleges to have suffered as a result of Defendant's alleged actions, including any documents relating to any sales lost by Plaintiff.
>
> Response: CustomInk incorporates the General Objections and Reservations as if fully set forth herein. CustomInk objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order. CustomInk also objects to the extent the Request seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege. CustomInk also objects to this Request as premature as discovery has recently begun and CustomInk's investigation and discovery of the allegations in this case is ongoing.

Plaintiff indicated that it would respond to this request but has produced no documents and has objected to the sister interrogatory asking them to identify their damages. A defendant has the right to seek discovery regarding specific elements of damages. Plaintiff is not justified in objecting to such discovery. *See e.g. Burkett ex rel. Estate of Burkett v. AIG Claim Services, Inc.*, 244 F.R.D. 328 (N.D.W. Va. 2005). Filing its complaint without having some understanding of its damages would be frivolous and sanctionable. If Plaintiff has no evidence of damages at this time and intends to rely solely on statutory damages, it should respond accordingly.

> Request 6: For each Work that Plaintiff alleges has been infringed by

-5-

> Defendant, a copy of the copyright registration, the deposit specimen and any other documents sent to the Copyright Office in an attempt to receive a copyright registration for such Work.
>
> Response: CustomInk incorporates the General Objections and Reservations as if fully set forth herein. Subject to, without waiving, and as limited by the foregoing objections and reservations, CustomInk will, for each Work that Defendant has infringed, provide a copy of the copyright registration, the deposit specimen and any other documents that it sent to the Copyright Office in an attempt to receive the copyright registration for such Work.

Amongst the copyright registrations for which Plaintiff claims infringement is TX 7-349-609. In its response to our meet and confer letter, Plaintiff has indicated that it does not intend to rely on this registration. As a result, any references and claims to this registration should be struck from the Complaint.

> Request 7: For each Work that Plaintiff alleges has been infringed by Defendant, all documents relating to the creation of such Work(s), including documents relating to the creation date of such Work, the identity of the person who originally created the Work and the creative process used in creating such Work(s).
>
> Response: CustomInk incorporates the General Objections and Reservations as if fully set forth herein. CustomInk objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order. CustomInk also objects to this Request as vague and ambiguous as to the term "creative process." Subject to, without waiving, and as limited by the foregoing objections and reservations, CustomInk will, upon entry of a protective order, produce non-privileged documents within its possession, custody or control relating to the creation of the Works in question, including the date of creation, and the identity of the person who originally created the Work.

In its response to this request for production, Plaintiff identified an attorney as a creator of one of the works claimed under the relevant copyrights. Plaintiff has failed to identify this attorney despite repeated requests. In its response to the meet and confer letter, Plaintiff claimed that it did not know the identity of the attorney who created this work. Since authorship is a central issue in a copyright case and since ShirtMagic is unable to defend the case without knowing the identity of the true author of the work, Plaintiff should be compelled to produce the

-6-

identity of the author and, if they cannot or will not, it should have all claims regarding any copyright based in whole or in part on such work, struck from this case.

Furthermore, Plaintiff failed to produce any documents showing the creation process, e-mails related to the creation process, computer logs showing the uploading of the files, computer listings showing the creation of the initial graphics, etc… Plaintiff has provided employment agreements for some but not all of the alleged authors and a chart listing the authors. Plaintiff should be required to produce the other evidence showing the creation of the works or to state that no such evidence exists.

> Request 9: For each Work that Plaintiff alleges has been infringed by Defendant, all documents relating to the first publication of such Work(s).
>
> Response: CustomInk incorporates the General Objections and Reservations as if fully set forth herein. CustomInk also objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order. Subject to, without waiving, and as limited by the foregoing objections and reservations, CustomInk will, upon entry of a protective order, produce non-privileged documents within its possession, custody or control relating to the first publication of the Works in question.

Plaintiff indicated that it would respond to this request fully once a confidentiality agreement was signed. No responsive documents have been produced other than a table created after the fact by Plaintiffs. Documents evidencing the creation and publication, such as computer logs, upload logs, file date listings, file date stamps, have not been produced.

> Request 11: For each Work that Plaintiff alleges has been infringed by Defendant, all documents relating to the sales of merchandise displaying any such Work that were made from the date of first publication of any such Work to the present.
>
> Response: CustomInk incorporates the General Objections and Reservations as if fully set forth herein. CustomInk objects to this Request on the grounds it is overbroad and thus not reasonably calculated to admissible evidence. CustomInk also objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order. CustomInk further objects to this Request on the ground it seeks information that is neither relevant nor material to any claims or defenses in this action, nor

reasonably calculated to lead to the discovery of admissible evidence.

Request 12:   For each Work that Plaintiff alleges has been infringed by Defendant, all documents relating to the manufacture of any merchandise displaying any such Work from the date of first publication of any such Work to the present.

Response:   CustomInk incorporates the General Objections and Reservations as if fully set forth herein. CustomInk objects to this Request on the grounds it is overbroad and thus not reasonably calculated to admissible evidence. CustomInk also objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order. CustomInk further objects to this Request on the ground it seeks information that is neither relevant nor material to any claims or defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff, in its response to the meet and confer letter, indicated that it intends to seek actual damages. Actual damages take two forms: Disgorgement of profits or a reasonable royalty. In this case, ShirtMagic has made no profits from the subject designs. Moreover, templates for online terms and images, since they are not sold, are usually subject to a license. As a result, if Plaintiff prevails on its questionable copyrights, it will have to show a reasonable royalty. In order to determine a reasonable royalty in a situation such as this where the defendant does not sell the work directly, ShirtMagic will have to know the profits minus the expenses involved in producing and selling the allegedly infringed works. Once the net profit is determined, the parties can create models for a reasonable royalty.

The response to this discovery is also important because it clarifies the manner in which the works are used, infringed and therefore, upon which damages can be calculated. If the works are merely shown passively and never sold or manufactured then there is no sales price. Then the royalty has to be calculated differently than, say, were goods are sold and a profit can be easily determined. The information sought in Requests No. 11 and 12 are made necessary by Plaintiff's decision to seek actual damages. For this same reason, the response given by Plaintiff to Request No. 12 is inadequate.

**<u>Interrogatory Deficiencies.</u>** With regards to the substantive responses, ShirtMagic specifically moves to compel the following answers with respect to the following interrogatories:

<u>Interrogatory 3</u>:

Please identify any damages, other than statutory damages and/or attorneys' fees, that Plaintiff alleges to have suffered as a result of Defendant's alleged infringement of any Works and the factual basis supporting such a claim for damages.

<u>Response</u>:

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to the extent that this Interrogatory calls for confidential and proprietary business information that is not discoverable without a protective order. CustomInk also objects to this Interrogatory as premature as discovery has recently begun and CustomInk's investigation and discovery of the allegations in this case is ongoing and Defendant has yet to respond to CustomInk's discovery on these issues. CustomInk also objects to this Interrogatory on the grounds it prematurely calls for CustomInk's disclosure of experts and related expert testimony.

Information about damages is basic to any discovery. The importance of damages is such that, under Fed. R. Civ. P. 26(a)(1)(C), it is among the mandatory initial disclosures a party normally must provide includes:

> [A] computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered ....

Whether Plaintiff is seeking statutory damages or actual damages, Shirtmagic is entitled to discovery sufficient to allow it to analyze and defend the claim. The suggestion that Plaintiff cannot state its current damages because it has not consulted with experts is a transparent attempt to stonewall the Defendant and to engage in ambush tactics disfavored by this Court.

<u>Interrogatory 4</u>:

For each Work that Plaintiff alleges has been infringed by Defendant, identify the person who originally created the Work. As indicated by the Definitions and

Instructions Section above, a complete answer will include the name, address, and phone number of each person as well as the employer of such person(s) at the time that the Work was created.

Response:

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to the extent that this Interrogatory calls for confidential and proprietary business information that is not discoverable without a protective order. Subject to, without waiving, and as limited by the foregoing objections, CustomInk responds as follows: ShirtMagic's copying of CustomInk's design templates and other graphic images has been extensive and CustomInk's investigation is ongoing. To identify each and every instance of infringement is overly burdensome. CustomInk refers ShirtMagic to Exhibit A of these Responses for a list of the creators of CustomInk's copyrighted works that CustomInk alleges ShirtMagic to have infringed. The information shown on Exhibit A is limited to infringements that CustomInk is currently aware of.

Plaintiff provided a partial response to this interrogatory. In particular, with regards to the author of the user agreement Plaintiff responded to the meet and confer letter that it does not know his identity. This user agreement was one of the works which Plaintiff submitted and registered as its own work in copyright application TXU1-181-727. Plaintiff should be compelled to provide the identity of the author and to supplement the other requested information. If Plaintiff is unable to identify the attorney author, then its claims under copyright TXU1-181-727 should be struck.

Interrogatory 6:

Identify the circumstances surrounding Plaintiff's first discovery of Defendant's allegedly infringing activities with respect to any of the Works. As indicated by the Definitions and Instructions Section above, a complete answer will include the date and manner that each allegedly infringing activity was first discovered by Plaintiff as well as the person(s) involved in such discovery.

Response 6:

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to the extent the Interrogatory seeks information protected

from discovery by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege. CustomInk also objects to this Interrogatory as vague, ambiguous, and overbroad as to the phrase "circumstances surrounding." Subject to, without waiving, and as limited by the foregoing objections, CustomInk responds as follows: In the Fall of 2010, Katherine Hubbs, the Video & Clipart Library Coordinator at CustomInk, discovered graphic images she had drawn and created for CustomInk on shirtmagic.com. CustomInk first became aware of ShirtMagic's copying of various aspects of its website in 2006 and 2007. CustomInk believes that the infringement of its website text that is the subject of this lawsuit continued until September 2010 and possibly later.

Instead of responding with specificity, Plaintiff merely states generally "CustomInk first became aware of ShirtMagic's copying of various aspects of its website in 2006 and 2007." The discovery of the alleged infringement is a seminal issue to any copyright case. In the response to the meet and confer letter, Plaintiff stated that it had responded with sufficient specificity and instructed ShirtMagic to seek other forms of discovery. Documents produce suggest that the date was in 2006 but the interrogatory response which was intended to clarify the question remains inexplicably unanswered. Plaintiff should be compelled to provide a full and detailed response to this request.

**WHEREFORE**, Defendant, ShirtMagic, LLC, respectfully requests that the Court grant this motion to compel and compel Plaintiff to provide better responses and answers to the discovery requests and to produce the responsive documents corresponding thereto, within ten (10) days, and for such other and further relief as this court deems just and proper.

[*Signature follows on next page*]

Respectfully submitted,

LAW OFFICES OF ALAN H. YAMAMOTO

By: _____/s/_____
    Alan H. Yamamoto  VSB #25872
    643 S. Washington St.
    Alexandria, VA 22314
    Tel: 703-684-4700
    Fax 703 684-6643
    Yamamoto.law@verizon.net

    and

    ESPINOSA | TRUEBA, PL
    Jorge Espinosa (*admitted pro hac vice*)
    FL Bar No.  779032
    Jespinosa@etlaw.com
    Francesca Russo (*admitted pro hac vice*)
    FL Bar No.  174912
    Frusso@etlaw.com
    3001 S.W. 3rd Avenue
    Miami, FL  33129
    Tel:  305-854-0900
    Fax:  305-285-5555

*Counsel for ShirtMagic, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of November, 2011, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Randall K. Miller, Esquire
Nicholas M. DePalma, Esquire
Arnold & Porter LLP
1600 Tyson Boulevard, Suite 900
McLean, VA 22101-4865


Douglas A. Winthrop, Esquire
Elizabeth Wang, Esquire
Howard Rice Nemerovski Canady
Falk & Rabkin, A Professional Corporation
Three Embarcadero Center, Seventh Floor
San Francisco, CA 94111-4024

I hereby further certify that I will mail this document by U.S. Mail to any non-filing users in this case.

_____/s/_____
Alan H. Yamamoto VSB #25872
Counsel for ShirtMagic LLC
Law Offices of Alan H. Yamamoto
643 S. Washington Street
Alexandria, VA  22314
(703) 684-4700
(703) 684-6643 Fax
Yamamoto.law@verizon.net