UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Customink, LLC, | ) Case No. 1:11-cv-662-CMH/TCB |
| Plaintiff, | ) |
| vs. | ) |
| Shirtmagic, LLC, | ) **DEFENDANT'S FIRST SET OF** |
| | ) **INTERROGATORIES TO PLAINTIFF** |
| Defendant. | ) |

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant, requests Plaintiff, CustomInk, LLC, to answer the following Interrogatories within thirty (30) days from the service of these Interrogatories and to serve such responses on Defendant at the office of the Defendant's counsel located at 104 S. Main Street, Suite 700, Greenville, South Carolina 29601, or other mutually agreed upon location.

## DEFINITIONS AND INSTRUCTIONS

A. The term "Plaintiff" refers to CustomInk, LLC, including any present or former owners, officers, directors, members, employees, servants, agents, attorneys or other representative acting on its behalf, and shall include any parent corporation or wholly-owned or partially-owned subsidiary, affiliate, predecessor or successor corporation either within the United States or a foreign country.

B. The term "Defendant" shall mean ShirtMagic, LLC, including any present or former owners, officers, directors, employees, servants, agents, attorneys or other representative acting on its behalf.

C. "Person" or "persons" refers to individuals, companies, corporations, partnerships, sole proprietorships, trade groups, unincorporated associations and all other entities of every kind and description.

D. "Document" or "documents" as used herein shall mean original and every non-identical copy of any original of all mechanically written, handwritten, typed or printed material, electronically-stored data, microfilm, microfiches, sound recordings, films, photographs, slides, and other physical objects of every kind and description, including but not limited to, all transcripts, letters, notes, memoranda, tapes, records, telegrams, periodicals, pamphlets,



brochures, circulars, advertisements, leaflets, reports, research studies, test data, working papers, drawings, sketches, diagrams, graphs, charts, diaries, logs, agreements, contracts, rough drafts, analyses, ledgers, inventories, financial information, books of account, understandings, minutes of meetings, minute books, resolutions, assignments, computer printouts, purchase orders, invoices, bills of lading, written memoranda or notes of oral communications, reports, laboratory or engineering notebooks, blueprints, drawings, operator manuals, software manuals, advertising information, consumer letters and complaints, trade journals, magazines, technical manuals, archive records expired or "dead" files electronically stored or recorded files, and any other tangible thing of whatever nature.

E. The term "Work" shall have the same meaning as the one generally given to it by the Copyright Act and shall include any graphic, design, image, picture, artwork, text, literature and/or compilation in which Plaintiff alleges to have copyrights, regardless of whether such work constitutes a work made for hire.

F. "Identify" or "identification" with respect to a person or persons shall mean to disclose the full name, present address, or if unknown, last known address, the employer(s) of such person(s), and title and job description.

G. "Identify" or "identification" with respect to a document shall mean to disclose: the title of the document, the date of the document, the name of the person(s) who signed or prepared such document, the name(s) of the person to whom the document was addressed, and the nature and subject of the document or thing.

H. "Identify" or "identification" with respect to a business or other entity shall mean to disclose:

      (1)    its full name;
      (2)    the type of entity;
      (3)    its present or last known address of each established place of business; and
      (4)    the officers and/or partners of each entity.

I. "Identify" or "identification" with respect to an event or circumstances shall mean to disclose:

      (1)    the date of such event;
      (2)    the location of such event;
      (3)    the identity of each person present at the event; and
      (4)    what was said and/or done by each person present at the event.

J. Words of gender shall be construed as including all genders, without limitation.

K. Words in the singular shall be construed to mean the plural and vice versa as appropriate.

L. "And" and "or" shall be read in the conjunctive or disjunctive in a manner to provide the broadest scope of an interrogatory.

M. The terms "referring to," "relating to" or "concerning" shall mean in any way, directly or indirectly, in whole or in part, discussing, referring to regarding, constituting, comprising, about, pertaining to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, analyzing, evaluating, representing, supporting, qualifying, terminating revoking, canceling or negating.

N. If you are aware that a document or a group of documents once existed, but has been destroyed or lost, you shall state when the document or group of documents was destroyed or lost, who destroyed or lost it, why it was destroyed or lost, and the circumstances under which it was destroyed or lost.

O. The interrogatories propounded herein are continuing in nature to the extent permitted by the Federal Rules of Civil Procedure, and to the extent information is received or circumstances are known which may modify in any way or add to the responses given to these interrogatories, supplemental answers reflecting all such subsequently acquired information or known circumstances promptly shall be provided.

P. If any privilege is claimed with respect to any documents or oral communications, the identification of which would otherwise be required by these interrogatories, you need not produce or disclose the contents thereof at this time, but with respect to each document and oral communication for which a privilege is claimed, you shall:

(1)    identify the date thereof;
(2)    state the particular privilege believed applicable and concisely state sufficient facts to support the claim of privilege; and
(3)    if the privilege is asserted with respect to a document, identify all persons to whom its contents were disclosed, including all recipients thereof.

Q. As used herein, the present tense shall include the past tense and vice versa.

## INTERROGATORIES

1.    Identify all documents in Plaintiff's possession, custody or control that relate to a claim or defense that has been raised by any party or is likely to be raised by Plaintiff in the above captioned action.

2.    Identify each Work that Plaintiff alleges that Defendant has infringed.

3.     Please identify any damages, other than statutory damages and/or attorneys' fees, that Plaintiff alleges to have suffered as a result of Defendant's alleged infringement of any Works and the factual basis supporting such a claim for damages.

4.     For each Work that Plaintiff alleges has been infringed by Defendant, identify the person who originally created the Work.  As indicated by the Definitions and Instructions Section above, a complete answer will include the name, address, and phone number of each person as well as the employer of such person(s) at the time that the Work was created.

5.     For each Work that Plaintiff alleges has been infringed by Defendant, identify the circumstances surrounding the first publication of each Work. As indicated by the Definitions and Instructions Section above, a complete answer will include the date and manner that each such Work was first published and the person(s) responsible for publishing such Work(s).

6.     Identify the circumstances surrounding Plaintiff's first discovery of Defendant's allegedly infringing activities with respect to any of the Works. As indicated by the Definitions and Instructions Section above, a complete answer will include the date and manner that each allegedly infringing activity was first discovered by Plaintiff as well as the person(s) involved in such discovery.

7.     Identify any actions that Plaintiff took upon discovering Defendant's alleged infringement of any of Plaintiff's Works.

[signature block on following page]

Dated: September 20, 2011

McNAIR LAW FIRM, P. A.

By: s/Hunter S. Freeman
Hunter S. Freeman (Fed ID 9313)
P.O. Box 447
Greenville, SC 29602
Telephone: 864-271-4940
Fax: 864-271-4015
Email: hfreeman@mcnair.net
*Attorneys for ShirtMagic, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| CustomInk, LLC, | ) | Civil Action No.: 1:11-cv-662-CMH/TCB |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| Shirtmagic, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The undersigned, Kelly Anne Reynolds, legal secretary of Hunter S. Freeman, certifies that on the 20th day of September, 2011, she served a copy of the *Defendant's First Set of Interrogatories to Plaintiff* and *Defendant's First Set of Request for Production to Plaintiff*, to the Plaintiff's Attorney, by depositing in the United States mail, with due and proper postage affixed thereto, a copy of the same addressed to:

Douglas Winthrop
Three Embarcadero Center
Seventh Floor
San Francisco, CA 94111-4024

Kelly Anne Reynolds
Legal Secretary

McNair Law Firm, P.A.
P.O. Box 447
Greenville SC 29602
September 20, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| Customink, LLC,<br><br>   Plaintiff,<br><br> vs.<br><br>Shirtmagic, LLC,<br><br>   Defendant. | Case No. 1:11-cv-662-CMH/TCB<br><br><br>**DEFENDANT'S FIRST SET OF<br>REQUESTS FOR PRODUCTION TO<br>PLAINTIFF** |

Pursuant to Fed. R. Civ. P. 26 and 34, Defendant requests Plaintiff, CustomInk, LLC., to

produce, for inspection and copying, the following documents and things at the offices of the

undersigned counsel within thirty (30) days from the service of these requests.  Such documents

shall be produced at the office of the Defendant's counsel located at 104 S. Main Street, Suite

700, Greenville, South Carolina 29601, or other mutually agreed upon location.

### DEFINITIONS

  A. The word "document" as used herein has the same meaning as that term is used in
Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, all drafts and
non-identical copies in any medium that are in the custody, control, or possession of, or
available, or accessible to you or your counsel, upon which information is recorded of from
which information can be recorded, including, but without limitation, a copy of each document
which is not identified due to notations, revisions, or otherwise and copies of documents, even
though originals are not in your possession, custody, or control, every copy which contains
notations, handwritten or otherwise, which does not duplicate another copy.

  B. The term "Plaintiff" refers to CustomInk, LLC, including any present or former
owners, officers, directors, employees, servants, agents, attorneys or other representative acting
on its behalf, and shall include any parent corporation or wholly-owned or partially-owned
subsidiary, affiliate, predecessor or successor corporation either within the United States or a
foreign country.

  C. The term "Defendant" refers to ShirtMagic, LLC, including any present or former
owners, officers, directors, employees, servants, agents, attorneys or other representative acting
on its behalf, and shall include any parent corporation or wholly-owned or partially-owned
subsidiary, affiliate, predecessor or successor corporation either within the United States or a
foreign country.



D.     "Referring to" or "relating to" means to make a statement about, discuss, describe, reflect, constitute, identify, deal with, concern, consist of, establish, compromise, list, evidence, substantiate, involve in any way, pertain to, in whole or any part to the subject.

E.     The term "Work" shall have the same meaning as the one generally given to it by the Copyright Act and shall include any graphic, design, image, picture, artwork, text, literature and/or compilation in which Plaintiff alleges to have copyrights, regardless of whether such work constitutes a work made for hire.

## INSTRUCTIONS

1.     <u>Manner of Production</u> - Documents produced pursuant to this request shall be separately produced for each paragraph of this request, or, in the alternative, shall be identified as complying with the particular paragraph or paragraphs of the request to which they are responsive, if the documents produced by inspection are produced as they are kept in the usual course of business.

2.     <u>Privileged Documents</u> - In the event the Defendant wishes to assert attorney/client privilege, work product exclusion or any other privilege as to any document requested, then as to each such document subject to such assertion, the Defendant shall provide an identification of the document, including 1) the nature of the document, b) the date of the document, and c) the author, sender, and recipient, together with a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a ruling in the event of a motion to compel and an indication of the factual and legal basis for the assertion of the privilege.

3.     <u>Documents No Longer In Possession, Custody, or Control</u> - With respect to documents of which the Defendant once had possession, custody or control, but no longer has possession, custody or control, please identify the document and state why the document is no longer in the Responding Party's possession, custody, or control and identify the person who currently has possession, custody or control of the documents.

4.     <u>Documents Lost, Discarded or Destroyed</u> - If any documents requested herein have been lost, discarded, or destroyed, such documents shall be identified as completely as possible by providing the information required above in paragraph 2 above as well as the date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, persons having knowledge of the disposal, and person disposing of the documents.

5.     <u>Electronically Stored Information</u> - Any electronically stored information shall be produced in native format.

6.     <u>Discovery is Continuing In Nature</u> - The requests are continuing in character so as to require further and supplemental production if defendant obtains additional responsive documents between the time of initial production and the time of hearing or trial, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENTS AND THINGS REQUESTED

1.    All documents relating to a claim or defense in this action.

2.    All documents that Plaintiff intends to present at trial or during a hearing.

3.    All documents Plaintiff intends to use as an exhibit to any documents filed with the court in this action.

4.    All documents indentified in response to any interrogatories propounded by Defendant.

5.    All documents relating to any damages Plaintiff alleges to have suffered as a result of Defendant's alleged actions, including any documents relating to any sales lost by Plaintiff.

6.    For each Work that Plaintiff alleges has been infringed by Defendant, a copy of the copyright registration, the deposit specimen and any other documents sent to the Copyright Office in an attempt to receive a copyright registration for such Work.

7.    For each Work that Plaintiff alleges has been infringed by Defendant, all documents relating to the creation of such Work(s), including documents relating to the creation date of such Work,  the identity of the person who originally created the Work and the creative process used in creating such Work(s).

8.    For each person who originally created a Work that Plaintiff alleges has been infringed by Defendant, a copy of the employment agreement and/or any other agreement relating to and/or affecting the ownership of the copyrights to the Work.

9.    For each Work that Plaintiff alleges has been infringed by Defendant, all documents relating to the first publication of such Work(s).

10.   All documents relating to Defendant and/or Defendant's alleged infringement of any Works.

11.   For each Work that Plaintiff alleges has been infringed by Defendant, all documents

relating to the sales of merchandise displaying any such Work that were made from the date of first publication of any such Work to the present.

12.   For each Work that Plaintiff alleges has been infringed by Defendant, all documents relating to the manufacture of any merchandise displaying any such Work from the date of first publication of any such Work to the present.

13.   All correspondence to or from any third party relating to any Work(s), including customer correspondence as well as any non-privileged correspondence relating to the ownership or registration of any copyrights to any Work(s).

14.   All correspondence to or from any third party relating to any merchandise displaying any Work(s).

Dated: September 20, 2011

                    McNAIR LAW FIRM, P. A.

                    By: s/Hunter S. Freeman
                    Hunter S. Freeman (Fed ID 9313)
                    P.O. Box 447
                    Greenville, SC 29602
                    Telephone: 864-271-4940
                    Fax: 864-271-4015
                    Email: hfreeman@mcnair.net
                    *Attorneys for ShirtMagic, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| CustomInk, LLC, | ) | Civil Action No.: 1:11-cv-662-CMH/TCB |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| Shirtmagic, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

The undersigned, Kelly Anne Reynolds, legal secretary of Hunter S. Freeman, certifies that on the 20th day of September, 2011, she served a copy of the *Defendant's First Set of Interrogatories to Plaintiff* and *Defendant's First Set of Request for Production to Plaintiff*, to the Plaintiff's Attorney, by depositing in the United States mail, with due and proper postage affixed thereto, a copy of the same addressed to:

Douglas Winthrop
Three Embarcadero Center
Seventh Floor
San Francisco, CA 94111-4024

Kelly Anne Reynolds
Legal Secretary

McNair Law Firm, P.A.
P.O. Box 447
Greenville SC 29602
September 20, 2011

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CUSTOMINK, LLC,

               Plaintiff,

       vs.                              Case No. 1:11cv662 CMH-TCB

SHIRTMAGIC, LLC,

               Defendant.

## PLAINTIFF CUSTOMINK, LLC'S OBJECTIONS TO DEFENDANT SHIRTMAGIC, LLC'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia, Plaintiff CustomInk, LLC ("CustomInk") hereby objects to the First Set of Interrogatories propounded by Defendant ShirtMagic, LLC ("ShirtMagic") as follows:

### GENERAL OBJECTIONS

1.     CustomInk objects to the "Instructions" to the extent they seek to impose duties or obligations on CustomInk beyond those required under the Federal Rules of Civil Procedure or applicable local rule.

2.     CustomInk responds to these Interrogatories subject to and without waiving any of the General Objections which are hereby expressly incorporated by reference into each response below.



## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all documents in Plaintiff's possession, custody or control that relate to a claim or defense that has been raised by any party or is likely to be raised by Plaintiff in the above captioned action.

**RESPONSE TO INTERROGATORY NO. 1:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to this Interrogatory on the grounds it is overbroad as to the phrase "relate to," and thus not reasonably calculated to lead to the discovery of admissible evidence. CustomInk also objects to this Interrogatory on the grounds it is unduly burdensome to require CustomInk to the "identify" described in this Interrogatory given that any documents that would be so identified in this response would be produced to ShirtMagic by CustomInk. CustomInk also objects to the extent the Interrogatory seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege. CustomInk also objects to this Interrogatory as premature as discovery has recently begun and CustomInk's investigation and discovery of the allegations in this case is ongoing. CustomInk also objects to the extent that this Interrogatory calls for confidential and proprietary business information that is not discoverable without a protective order.

**INTERROGATORY NO. 2:**

Identify each Work that Plaintiff alleges that Defendant has infringed.

**RESPONSE TO INTERROGATORY NO. 2:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to this Interrogatory as premature as discovery has recently begun and CustomInk's investigation and discovery of the allegations in this case is ongoing.

**INTERROGATORY NO. 3:**

Please identify any damages, other than statutory damages and/or attorneys' fees, that Plaintiff alleges to have suffered as a result of Defendant's alleged infringement of any Works and the factual basis supporting such a claim for damages.

**RESPONSE TO INTERROGATORY NO. 3:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to the extent that this Interrogatory calls for confidential and proprietary business information that is not discoverable without a protective order. CustomInk also objects to this Interrogatory as premature as discovery has recently begun and CustomInk's investigation and discovery of the allegations in this case is ongoing. CustomInk also objects to this Interrogatory on the grounds it prematurely calls for CustomInk's disclosure of experts and related expert testimony.

**INTERROGATORY NO. 4:**

For each Work that Plaintiff alleges has been infringed by Defendant, identify the person who originally created the Work. As indicated by the Definitions and Instructions Section above, a complete answer will include the name, address, and phone number of each person as well as the employer of such person(s) at the time that the Work was created.

**RESPONSE TO INTERROGATORY NO. 4:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to the extent that this Interrogatory calls for confidential and proprietary business information that is not discoverable without a protective order.

**INTERROGATORY NO. 5:**

For each Work that Plaintiff alleges has been infringed by Defendant, identify the circumstances surrounding the first publication of each Work. As indicated by the Definitions

3

and Instructions Section above, a complete answer will include the date and manner that each such Work was first published and the person(s) responsible for publishing such Work(s).

**RESPONSE TO INTERROGATORY NO. 5:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to the extent that this Interrogatory calls for confidential and proprietary business information that is not discoverable without a protective order. CustomInk also objects to this Interrogatory as vague, ambiguous, and overbroad as to the phrase "circumstances surrounding."

**INTERROGATORY NO. 6:**

Identify the circumstances surrounding Plaintiff's first discovery of Defendant's allegedly infringing activities with respect to any of the Works. As indicated by the Definitions and Instructions Section above, a complete answer will include the date and manner that each allegedly infringing activity was first discovered by Plaintiff as well as the person(s) involved in such discovery.

**RESPONSE TO INTERROGATORY NO. 6:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to the extent the Interrogatory seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege. CustomInk also objects to this Interrogatory as vague, ambiguous, and overbroad as to the phrase "circumstances surrounding."

**INTERROGATORY NO. 7:**

Identify any actions that Plaintiff took upon discovering Defendant's alleged infringement of any of Plaintiff's Works.

**RESPONSE TO INTERROGATORY NO. 7:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk also

objects to the extent the Interrogatory seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege.

Dated: October 7, 2011.

Respectfully submitted,

HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN,
A Professional Corporation

By: _____

Douglas A. Winthrop (*pro hac vice*)
Elizabeth Wang (*pro hac vice*)
Three Embarcadero Center, Seventh Floor
San Francisco, CA 94111-4024
Direct:    415.677.6477
Facsimile:  415.677.6262
Email:    dwinthrop@howardrice.com
Email:    ewang@howardrice.com

*Lead Counsel for CustomInk LLC*

ARNOLD & PORTER LLP

Randall K. Miller (VA Bar #70672)
Nicholas M. DePalma (VA Bar #72886)
1600 Tyson Boulevard, Suite 900
McLean, VA 22102-4865
Main:    703.720.7000
Direct:   703.720.7030
Facsimile:  703.720.7399
Email:    Randall.Miller@aporter.com
Email:    Nicholas.DePalma@aporter.com

*Local Counsel for CustomInk LLC*

5

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via Federal Express this 7th day of

October, 2011, upon:

      Alan H. Yamamoto
      643 S. Washington St.
      Alexandria, VA 22314
      Fax : 703.684.6643
      Email: Yamamoto.law@verizon.net

      *Counsel for ShirtMagic LLC*

      _____
      Douglas A. Winthrop (*pro hac vice*)
      Elizabeth Wang (*pro hac vice*)
      Three Embarcadero Center, Seventh Floor
      San Francisco, CA 94111-4024
      Direct:     415.677.6477
      Facsimile: 415.677.6262
      Email:     dwinthrop@howardrice.com
      Email:     ewang@howardrice.com

      *Lead Counsel for CustomInk LLC*

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CUSTOMINK, LLC,

          Plaintiff,

    vs.                            Case No. 1:11cv662 CMH-TCB

SHIRTMAGIC, LLC,

          Defendant.

## PLAINTIFF CUSTOMINK, LLC'S OBJECTIONS TO DEFENDANT SHIRTMAGIC, LLC'S FIRST SET OF REQUEST FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia, Plaintiff CustomInk, LLC ("CustomInk"), hereby objects to the First Set of Requests for Production propounded by Defendant ShirtMagic, LLC ("ShirtMagic") as follows.

### GENERAL OBJECTIONS

1.    CustomInk objects to the "Manner of Production" as stated in the Instructions of the Requests to the extent such seeks to impose duties or obligations on CustomnInk beyond those required under the Federal Rules of Civil Procedure or applicable local rule.

2.    CustomInk objects to the section of the Instructions entitled "Electronically Stored Information" ("ESI") to the extent such seeks to impose duties or obligations on CustomnInk beyond those required under the Federal Rules of Civil Procedure or applicable local rule. CustomInk will meet and confer with ShirtMagic regarding the parties' production of ESI.



3.     CustomInk objects to the Requests, and to each Request, to the extent that they seek the disclosure of information protected by the attorney-client privilege, the work product doctrine, or other applicable privileges or protections.

## RESERVATIONS

1.     CustomInk's investigation and discovery of the allegations in this case is ongoing. The responses and objections herein are based upon information and/or documents presently known to, and in the possession of CustomInk.  CustomInk reserves the right to rely on any documents or other evidence which may develop or subsequently come to its attention, to assert additional objections or supplemental responses should it discover that there is information or grounds for objections, and to supplement or amend these responses at any time.  Without obligating itself to do so, CustomInk also reserves the right to the further disclosure of any documents and/or information.

2.     Inadvertent production by CustomInk of any material subject to the attorney-client privilege, prepared in anticipation of litigation or for trial, or otherwise protected or immune from discovery shall not constitute waiver of any privilege or of any other ground for objecting to discovery of such materials, its subject matter or information contained therein or of CustomInk's right to object to the use of such material during any later proceeding or otherwise seek return of the material.

3.     CustomInk responds to these Requests For Production subject to and without waiving any of the General Objections and Reservations which are hereby expressly incorporated by reference into each response below.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents relating to a claim or defense in this action.

2

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to this Request on the grounds it is overbroad as to the phrase "relate to," and thus not reasonably calculated to lead to the discovery of admissible evidence. CustomInk also objects to the extent the Request seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege. CustomInk also objects to this Request as premature as discovery has recently begun and CustomInk's investigation and discovery of the allegations in this case is ongoing. CustomInk also objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order.

**REQUEST FOR PRODUCTION NO. 2:**

All documents that Plaintiff intends to present at trial or during a hearing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to this Request as premature as discovery has recently begun and CustomInk's investigation and discovery of the allegations in this case is ongoing. CustomInk also objects to this Request as vague, ambiguous and overbroad as to the term "intends to."

**REQUEST FOR PRODUCTION NO. 3:**

All documents Plaintiff intends to use as an exhibit to any documents filed with the court in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to this Request as premature as discovery has recently begun and CustomInk's

3

investigation and discovery of the allegations in this case is ongoing. CustomInk also objects to this Request as vague, ambiguous and overbroad as to the term "intends to."

**REQUEST FOR PRODUCTION NO. 4:**

All documents identified in response to any interrogatories propounded by Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

CustomInk incorporates the General Objections as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to any damages Plaintiff alleges to have suffered as a result of Defendant's alleged actions, including any documents relating to any sales lost by Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order. CustomInk also objects to the extent the Request seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege. CustomInk also objects to this Request as premature as discovery has recently begun and CustomInk's investigation and discovery of the allegations in this case is ongoing.

**REQUEST FOR PRODUCTION NO. 6:**

For each Work that Plaintiff alleges has been infringed by Defendant, a copy of the copyright registration, the deposit specimen and any other documents sent to the Copyright Office in an attempt to receive a copyright registration for such Work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

CustomInk incorporates the General Objections as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 7:**

For each Work that Plaintiff alleges has been infringed by Defendant, all documents relating to the creation of such Work(s), including documents relating to the creation date of such Work, the identity of the person who originally created the Work and the creative process used in creating such Work(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

CustomInk incorporates the General Objections as if fully set forth herein.  CustomInk objects to this Request on the grounds it is overbroad as to the phrase "relating to," and thus not reasonably calculated to lead to the discovery of admissible evidence.  CustomInk also objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order.  CustomInk also objects to this Request as vague and ambiguous as to the term "creative process."

**REQUEST FOR PRODUCTION NO. 8:**

For each person who originally created a Work that Plaintiff alleges has been infringed by Defendant, a copy of the employment agreement and/or any other agreement relating to and/or affecting the ownership of the copyrights to the Work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

CustomInk incorporates the General Objections as if fully set forth herein.  CustomInk objects to this Request on the grounds it is overbroad as to the phrase "relating to," and thus not reasonably calculated to lead to the discovery of admissible evidence.  CustomInk also objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order.

**REQUEST FOR PRODUCTION NO. 9:**

For each Work that Plaintiff alleges has been infringed by Defendant, all documents relating to the first publication of such Work(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

CustomInk incorporates the General Objections as if fully set forth herein.  CustomInk objects to this Request on the grounds it is overbroad as to the phrase "relating to," and thus not reasonably calculated to lead to the discovery of admissible evidence.  CustomInk objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order.

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to Defendant and/or Defendant's alleged infringement of any Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

CustomInk incorporates the General Objections as if fully set forth herein.  CustomInk objects to this Request on the grounds it is overbroad as to the phrase "relating to," and thus not reasonably calculated to lead to the discovery of admissible evidence.  CustomInk also objects to the extent the Request seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 11:**

For each Work that Plaintiff alleges has been infringed by Defendant, all documents relating to the sales of merchandise displaying any such Work that were made from the date of first publication of any such Work to the present.

6

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to this Request on the grounds it is overbroad as to the phrase "relating to," and thus not reasonably calculated to admissible evidence. CustomInk also objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order. CustomInk further objects to this Request on the ground it seeks information that is neither relevant nor material to any claims or defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 12:**

For each Work that Plaintiff alleges has been infringed by Defendant, all documents relating to the manufacture of any merchandise displaying any such Work from the date of first publication of any such Work to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to this Request on the grounds it is overbroad as to the phrase "relating to," and thus not reasonably calculated to admissible evidence. CustomInk also objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order. CustomInk further objects to this Request on the ground it seeks information that is neither relevant nor material to any claims or defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 13:**

All correspondence to or from any third party relating to any Work(s), including customer correspondence as well as any non-privileged correspondence relating to the ownership or

registration of any copyrights to any Work(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to this Request on the grounds it is overbroad as to the phrase "relating to," and thus not reasonably calculated to admissible evidence. CustomInk also objects to this Request on the ground that it is overbroad as to scope and subject matter, and therefore unduly burdensome and oppressive. CustomInk further objects to this Request on the ground it seeks information that is neither relevant nor material to any claims or defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 14:**

All correspondence to or from any third party relating to any merchandise displaying any Work(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to this Request on the grounds it is overbroad as to the phrase "relate to," and thus not reasonably calculated to admissible evidence. CustomInk further objects to this Request on the ground it seeks information that is neither relevant nor material to any claims or defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

//

//

//

//

//

8

Dated: October 7, 2011.

Respectfully submitted,

HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN,
A Professional Corporation

By: _____

Douglas A. Winthrop (*pro hac vice*)
Elizabeth Wang (*pro hac vice*)
Three Embarcadero Center, Seventh Floor
San Francisco, CA 94111-4024
Direct:    415.677.6477
Facsimile:  415.677.6262
Email:    dwinthrop@howardrice.com
Email:    ewang@howardrice.com

*Lead Counsel for CustomInk LLC*


ARNOLD & PORTER LLP

Randall K. Miller (VA Bar #70672)
Nicholas M. DePalma (VA Bar #72886)
1600 Tyson Boulevard, Suite 900
McLean, VA 22102-4865
Main:    703.720.7000
Direct:    703.720.7030
Facsimile:  703.720.7399
Email:    Randall.Miller@aporter.com
Email:    Nicholas.DePalma@aporter.com

*Local Counsel for CustomInk LLC*

9

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via Federal Express this 7th day of

October, 2011, upon:

> Alan H. Yamamoto
> 643 S. Washington St.
> Alexandria, VA 22314
> Fax : 703.684.6643
> Email: Yamamoto.law@verizon.net

> *Counsel for ShirtMagic LLC*

Douglas A. Winthrop (*pro hac vice*)
Elizabeth Wang (*pro hac vice*)
Three Embarcadero Center, Seventh Floor
San Francisco, CA 94111-4024
Direct:      415.677.6477
Facsimile:  415.677.6262
Email:      dwinthrop@howardrice.com
Email:      ewang@howardrice.com

*Lead Counsel for CustomInk LLC*

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CUSTOMINK, LLC,

               Plaintiff,

        vs.                       Case No. 1:11cv662 CMH-TCB

SHIRTMAGIC, LLC,

               Defendant.

## PLAINTIFF CUSTOMINK, LLC'S RESPONSES TO DEFENDANT SHIRTMAGIC, LLC'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the

Eastern District of Virginia, Plaintiff CustomInk, LLC ("CustomInk") hereby objects to the First

Set of Interrogatories propounded by Defendant ShirtMagic, LLC ("ShirtMagic") as follows:

### GENERAL OBJECTIONS

1.    CustomInk objects to the "Instructions" to the extent they seek to impose duties or

obligations on CustomInk beyond those required under the Federal Rules of Civil Procedure or

applicable local rule.

2.    CustomInk responds to these Interrogatories subject to and without waiving any of

the General Objections which are hereby expressly incorporated by reference into each response

below.

### INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all documents in Plaintiff's possession, custody or control that relate to a claim or

defense that has been raised by any party or is likely to be raised by Plaintiff in the above captioned action.

**RESPONSE TO INTERROGATORY NO. 1:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to this Interrogatory on the grounds it is overbroad as to the phrase "relate to," and thus not reasonably calculated to lead to the discovery of admissible evidence. CustomInk also objects to this Interrogatory on the grounds it is unduly burdensome to require CustomInk to the "identify" described in this Interrogatory given that any documents that would be so identified in this response would be produced to ShirtMagic by CustomInk. CustomInk also objects to the extent the Interrogatory seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege. CustomInk also objects to this Interrogatory as premature as discovery has recently begun and CustomInk's investigation and discovery of the allegations in this case is ongoing. CustomInk also objects to the extent that this Interrogatory calls for confidential and proprietary business information that is not discoverable without a protective order.

**INTERROGATORY NO. 2:**

Identify each Work that Plaintiff alleges that Defendant has infringed.

**RESPONSE TO INTERROGATORY NO. 2:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to this Interrogatory as premature as discovery has recently begun and CustomInk's investigation and discovery of the allegations in this case is ongoing.

Subject to, without waiving, and as limited by the foregoing objections, CustomInk responds as follows: ShirtMagic's copying of CustomInk's design templates and other graphic images has been extensive and CustomInk's investigation is ongoing. To identify each and

2

every instance of copying is overly burdensome. CustomInk refers ShirtMagic to Exhibit A of these Responses, which shows CustomInk's copyrighted works that CustomInk alleges ShirtMagic to have infringed. The information shown on Exhibit A is limited to infringements that CustomInk is currently aware of.

**INTERROGATORY NO. 3:**

Please identify any damages, other than statutory damages and/or attorneys' fees, that Plaintiff alleges to have suffered as a result of Defendant's alleged infringement of any Works and the factual basis supporting such a claim for damages.

**RESPONSE TO INTERROGATORY NO. 3:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to the extent that this Interrogatory calls for confidential and proprietary business information that is not discoverable without a protective order. CustomInk also objects to this Interrogatory as premature as discovery has recently begun and CustomInk's investigation and discovery of the allegations in this case is ongoing and defendant has yet to respond to CustomInk's discovery on these issues. CustomInk also objects to this Interrogatory on the grounds it prematurely calls for CustomInk's disclosure of experts and related expert testimony.

**INTERROGATORY NO. 4:**

For each Work that Plaintiff alleges has been infringed by Defendant, identify the person who originally created the Work. As indicated by the Definitions and Instructions Section above, a complete answer will include the name, address, and phone number of each person as well as the employer of such person(s) at the time that the Work was created.

**RESPONSE TO INTERROGATORY NO. 4:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to the extent that this Interrogatory calls for confidential and proprietary business

3

information that is not discoverable without a protective order.

Subject to, without waiving, and as limited by the foregoing objections, CustomInk responds as follows: ShirtMagic's copying of CustomInk's design templates and other graphic images has been extensive and CustomInk's investigation is ongoing. To identify each and every instance of infringement is overly burdensome. CustomInk refers ShirtMagic to Exhibit A of these Responses for a list of the creators of CustomInk's copyrighted works that CustomInk alleges ShirtMagic to have infringed. The information shown on Exhibit A is limited to infringements that CustomInk is currently aware of.

**INTERROGATORY NO. 5:**

For each Work that Plaintiff alleges has been infringed by Defendant, identify the circumstances surrounding the first publication of each Work. As indicated by the Definitions and Instructions Section above, a complete answer will include the date and manner that each such Work was first published and the person(s) responsible for publishing such Work(s).

**RESPONSE TO INTERROGATORY NO. 5:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk objects to the extent that this Interrogatory calls for confidential and proprietary business information that is not discoverable without a protective order. CustomInk also objects to this Interrogatory as vague, ambiguous, and overbroad as to the phrase "circumstances surrounding."

Subject to, without waiving, and as limited by the foregoing objections, CustomInk responds as follows: ShirtMagic's copying of CustomInk's design templates and other graphic images has been extensive and CustomInk's investigation is ongoing. To identify each and every instance of infringement is overly burdensome. CustomInk refers ShirtMagic to Exhibit A of these Responses for the date of first publication and the individual responsible for publishing the image on the customink.com site for each of CustomInk's copyrighted works that CustomInk

4

alleges ShirtMagic to have infringed.   The information shown on Exhibit A is limited to infringements that CustomInk is currently aware of.

**INTERROGATORY NO. 6:**

Identify the circumstances surrounding Plaintiff's first discovery of Defendant's allegedly infringing activities with respect to any of the Works.   As indicated by the Definitions and Instructions Section above, a complete answer will include the date and manner that each allegedly infringing activity was first discovered by Plaintiff as well as the person(s) involved in such discovery.

**RESPONSE TO INTERROGATORY NO. 6:**

CustomInk incorporates the General Objections as if fully set forth herein.   CustomInk objects to the extent the Interrogatory seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege.   CustomInk also objects to this Interrogatory as vague, ambiguous, and overbroad as to the phrase "circumstances surrounding."

Subject to, without waiving, and as limited by the foregoing objections, CustomInk responds as follows: In the Fall of 2010, Katherine Hubbs, the Video & Clipart Library Coordinator at CustomInk, discovered graphic images she had drawn and created for CustomInk on shirtmagic.com. CustomInk first became aware of ShirtMagic's copying of various aspects of its website in 2006 and 2007. CustomInk believes that the infringement of its website text that is the subject of this lawsuit continued until September 2010 and possibly later.

**INTERROGATORY NO. 7:**

Identify any actions that Plaintiff took upon discovering Defendant's alleged infringement of any of Plaintiff's Works.

**RESPONSE TO INTERROGATORY NO. 7:**

CustomInk incorporates the General Objections as if fully set forth herein. CustomInk also objects to the extent the Interrogatory seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege.

Subject to, without waiving, and as limited by the foregoing objections, CustomInk responds as follows: In Fall 2010, after CustomInk discovered infringing graphic images on shirtmagic.com, CustomInk undertook an investigation to see the extent of ShirtMagic's copying, comparing ShirtMagic's image libraries to CustomInk's image libraries. CustomInk then notified legal counsel.

Dated: October 24, 2011.

Respectfully submitted,

HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN,
A Professional Corporation

By: _____

Douglas A. Winthrop (*pro hac vice*)
Elizabeth Wang (*pro hac vice*)
Three Embarcadero Center, Seventh Floor
San Francisco, CA 94111-4024
Direct:      415.677.6477
Facsimile:  415.677.6262
Email:      dwinthrop@howardrice.com
Email:      ewang@howardrice.com

*Lead Counsel for CustomInk LLC*

ARNOLD & PORTER LLP

Randall K. Miller (VA Bar #70672)
Nicholas M. DePalma (VA Bar #72886)
1600 Tyson Boulevard, Suite 900
McLean, VA  22102-4865
Main:      703.720.7000

6

Direct:      703.720.7030
Facsimile:   703.720.7399
Email:       Randall.Miller@aporter.com
Email:       Nicholas.DePalma@aporter.com

*Local Counsel for CustomInk LLC*

## VERIFICATION

I, Katherine Hubbs, am Design Resources Coordinator at CustomInk, LLC. I am authorized to make this verification on behalf CustomInk, LLC. I have reviewed **PLAINTIFF CUSTOMINK, LLC'S RESPONSES TO DEFENDANT SHIRTMAGIC, LLC'S FIRST SET OF INTERROGATORIES** and am familiar with the contents thereof. I am informed and believe that the responses stated therein are true and correct to the best of my knowledge.

I declare under penalty of perjury of the laws of the State of Virginia that the foregoing is true and correct and that this Verification was hereby executed on this 24th day of October, 2011.

KATHERINE HUBBS

8

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via Federal Express this 24th day of

October, 2011, upon:

        Alan H. Yamamoto
        643 S. Washington St.
        Alexandria, VA 22314
        Fax : 703.684.6643
        Email: Yamamoto.law@verizon.net

        *Counsel for ShirtMagic LLC*

        Douglas A. Winthrop (*pro hac vice*)
        Elizabeth Wang (*pro hac vice*)
        Three Embarcadero Center, Seventh Floor
        San Francisco, CA 94111-4024
        Direct:     415.677.6477
        Facsimile: 415.677.6262
        Email:     dwinthrop@howardrice.com
        Email:     ewang@howardrice.com

        *Lead Counsel for CustomInk LLC*

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CUSTOMINK, LLC,

              Plaintiff,

        vs.                    Case No. 1:11cv662 CMH-TCB

SHIRTMAGIC, LLC,

              Defendant.

## PLAINTIFF CUSTOMINK, LLC'S RESPONSES TO DEFENDANT SHIRTMAGIC, LLC'S FIRST SET OF REQUEST FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia, Plaintiff CustomInk, LLC ("CustomInk"), hereby objects to the First Set of Requests for Production propounded by Defendant ShirtMagic, LLC ("ShirtMagic") as follows.

### GENERAL OBJECTIONS

1.    CustomInk objects to the "Manner of Production" as stated in the Instructions of the Requests to the extent such seeks to impose duties or obligations on CustomnInk beyond those required under the Federal Rules of Civil Procedure or applicable local rule.

2.    CustomInk objects to the section of the Instructions entitled "Electronically Stored Information" ("ESI") to the extent such seeks to impose duties or obligations on CustomnInk beyond those required under the Federal Rules of Civil Procedure or applicable local rule. CustomInk will meet and confer with ShirtMagic regarding the parties' production of ESI.



3.    CustomInk objects to the Requests, and to each Request, to the extent that they seek the disclosure of information protected by the attorney-client privilege, the work product doctrine, or other applicable privileges or protections.

## RESERVATIONS

1.    CustomInk's investigation and discovery of the allegations in this case is ongoing. The responses and objections herein are based upon information and/or documents presently known to, and in the possession of CustomInk. CustomInk reserves the right to rely on any documents or other evidence which may develop or subsequently come to its attention, to assert additional objections or supplemental responses should it discover that there is information or grounds for objections, and to supplement or amend these responses at any time. Without obligating itself to do so, CustomInk also reserves the right to the further disclosure of any documents and/or information.

2.    Inadvertent production by CustomInk of any material subject to the attorney-client privilege, prepared in anticipation of litigation or for trial, or otherwise protected or immune from discovery shall not constitute waiver of any privilege or of any other ground for objecting to discovery of such materials, its subject matter or information contained therein or of CustomInk's right to object to the use of such material during any later proceeding or otherwise seek return of the material.

3.    CustomInk responds to these Requests For Production subject to and without waiving any of the General Objections and Reservations which are hereby expressly incorporated by reference into each response below.

4.    CustomInk's response that it will produce responsive documents means that CustomInk will undertake a diligent search and reasonable inquiry in an effort to comply with the request and is not a representation that any responsive documents actually exist or will be produced.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to a claim or defense in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

CustomInk incorporates the General Objections and Reservations as if fully set forth herein. CustomInk objects to this Request on the grounds it is overbroad as to the phrase "relate to" as used in this context and thus is not reasonably calculated to lead to the discovery of admissible evidence. CustomInk also objects to the extent the Request seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege. CustomInk also objects to this Request as premature as discovery has recently begun and CustomInk's investigation and discovery of the allegations in this case is ongoing. CustomInk also objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order.

**REQUEST FOR PRODUCTION NO. 2:**

All documents that Plaintiff intends to present at trial or during a hearing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

CustomInk incorporates the General Objections and Reservations as if fully set forth herein. CustomInk objects to this Request as premature as discovery has recently begun and CustomInk's investigation and discovery of the allegations in this case is ongoing. CustomInk also objects to this Request as vague, ambiguous and overbroad as to the term "intends to."

**REQUEST FOR PRODUCTION NO. 3:**

All documents Plaintiff intends to use as an exhibit to any documents filed with the court in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

CustomInk incorporates the General Objections and Reservations as if fully set forth herein. CustomInk objects to this Request as premature as discovery has recently begun and CustomInk's investigation and discovery of the allegations in this case is ongoing. CustomInk also objects to this Request as vague, ambiguous and overbroad as to the term "intends to."

**REQUEST FOR PRODUCTION NO. 4:**

All documents identified in response to any interrogatories propounded by Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

CustomInk incorporates the General Objections and Reservations as if fully set forth herein.

Subject to, without waiving, and as limited by the foregoing objections and reservations, CustomInk will, upon entry of a protective order, produce non-privileged documents within its possession, custody or control that it identifies in any interrogatories propounded by Defendant.

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to any damages Plaintiff alleges to have suffered as a result of Defendant's alleged actions, including any documents relating to any sales lost by Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

CustomInk incorporates the General Objections and Reservations as if fully set forth herein. CustomInk objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order. CustomInk also objects to the extent the Request seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege. CustomInk also objects to this Request as premature as discovery has recently begun and CustomInk's

investigation and discovery of the allegations in this case is ongoing.

Subject to, without waiving, and as limited by the foregoing objections and reservations, CustomInk will, upon entry of a protective order, produce non-privileged documents within its possession, custody or control showing any damages CustomInk alleges to have suffered as a result of Defendant's actions.

**REQUEST FOR PRODUCTION NO. 6:**

For each Work that Plaintiff alleges has been infringed by Defendant, a copy of the copyright registration, the deposit specimen and any other documents sent to the Copyright Office in an attempt to receive a copyright registration for such Work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

CustomInk incorporates the General Objections and Reservations as if fully set forth herein.

Subject to, without waiving, and as limited by the foregoing objections and reservations, CustomInk will, for each Work that Defendant has infringed, a copy of the copyright registration, the deposit specimen and any other documents that it sent to the Copyright Office in an attempt to receive the copyright registration for such Work.

**REQUEST FOR PRODUCTION NO. 7:**

For each Work that Plaintiff alleges has been infringed by Defendant, all documents relating to the creation of such Work(s), including documents relating to the creation date of such Work, the identity of the person who originally created the Work and the creative process used in creating such Work(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

CustomInk incorporates the General Objections and Reservations as if fully set forth

herein. CustomInk objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order. CustomInk also objects to this Request as vague and ambiguous as to the term "creative process."

Subject to, without waiving, and as limited by the foregoing objections and reservations, CustomInk will, upon entry of a protective order, produce non-privileged documents within its possession, custody or control relating to the creation of the Works in question, including the date of creation, and the identity of the person who originally created the Work.

**REQUEST FOR PRODUCTION NO. 8:**

For each person who originally created a Work that Plaintiff alleges has been infringed by Defendant, a copy of the employment agreement and/or any other agreement relating to and/or affecting the ownership of the copyrights to the Work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

CustomInk incorporates the General Objections and Reservations as if fully set forth herein. CustomInk also objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order.

Subject to, without waiving, and as limited by the foregoing objections and reservations, CustomInk will, upon entry of a protective order, produce copies of any employment agreements and/or other agreement relating to and/or affecting the ownership of the copyrights to the Works at issue.

**REQUEST FOR PRODUCTION NO. 9:**

For each Work that Plaintiff alleges has been infringed by Defendant, all documents relating to the first publication of such Work(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

CustomInk incorporates the General Objections and Reservations as if fully set forth herein. CustomInk also objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order.

Subject to, without waiving, and as limited by the foregoing objections and reservations, CustomInk will, upon entry of a protective order, produce non-privileged documents within its possession, custody or control relating to the first publication of the Works in question.

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to Defendant and/or Defendant's alleged infringement of any Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

CustomInk incorporates the General Objections and Reservations as if fully set forth herein. CustomInk objects to this Request on the grounds it is overbroad and thus not reasonably calculated to lead to the discovery of admissible evidence. CustomInk also objects to the extent the Request seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege.

Subject to, without waiving, and as limited by the foregoing objections and reservations, CustomInk will, upon entry of a protective order, produce non-privileged documents relating to Defendant's alleged infringement of CustomInk's Works.

**REQUEST FOR PRODUCTION NO. 11:**

For each Work that Plaintiff alleges has been infringed by Defendant, all documents relating to the sales of merchandise displaying any such Work that were made from the date of first publication of any such Work to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

CustomInk incorporates the General Objections and Reservations as if fully set forth herein. CustomInk objects to this Request on the grounds it is overbroad and thus not reasonably calculated to admissible evidence. CustomInk also objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order. CustomInk further objects to this Request on the ground it seeks information that is neither relevant nor material to any claims or defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 12:**

For each Work that Plaintiff alleges has been infringed by Defendant, all documents relating to the manufacture of any merchandise displaying any such Work from the date of first publication of any such Work to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

CustomInk incorporates the General Objections and Reservations as if fully set forth herein. CustomInk objects to this Request on the grounds it is overbroad and thus not reasonably calculated to admissible evidence. CustomInk also objects to the extent that this Request calls for confidential and proprietary business information that is not discoverable without a protective order. CustomInk further objects to this Request on the ground it seeks information that is neither relevant nor material to any claims or defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 13:**

All correspondence to or from any third party relating to any Work(s), including customer correspondence as well as any non-privileged correspondence relating to the ownership or

registration of any copyrights to any Work(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

CustomInk incorporates the General Objections and Reservations as if fully set forth herein. CustomInk objects to this Request on the ground that it is overbroad as to scope and subject matter, and therefore unduly burdensome and oppressive. CustomInk further objects to this Request on the ground it seeks information that is neither relevant nor material to any claims or defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, without waiving, and as limited by the foregoing objections and reservations, CustomInk will, upon entry of a protective order, produce any correspondence to or from any third party relating to the ownership or registration of the Works CustomInk alleges ShirtMagic to have infringed within its possession, custody or control .

**REQUEST FOR PRODUCTION NO. 14:**

All correspondence to or from any third party relating to any merchandise displaying any Work(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

CustomInk incorporates the General Objections and Reservations as if fully set forth herein. CustomInk objects to this Request on the ground it seeks information that is neither relevant nor material to any claims or defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence and, as such, is burdensome and oppressive.

//

//

//

Dated:  October 24, 2011.

Respectfully submitted,

HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN,
A Professional Corporation

By: _____
    Douglas A. Winthrop (*pro hac vice*)
    Elizabeth Wang (*pro hac vice*)
    Three Embarcadero Center, Seventh Floor
    San Francisco, CA 94111-4024
    Direct:     415.677.6477
    Facsimile:  415.677.6262
    Email:     dwinthrop@howardrice.com
    Email:     ewang@howardrice.com

    *Lead Counsel for CustomInk LLC*

ARNOLD & PORTER LLP

    Randall K. Miller (VA Bar #70672)
    Nicholas M. DePalma (VA Bar #72886)
    1600 Tyson Boulevard, Suite 900
    McLean, VA  22102-4865
    Main:     703.720.7000
    Direct:    703.720.7030
    Facsimile:  703.720.7399
    Email:     Randall.Miller@aporter.com
    Email:     Nicholas.DePalma@aporter.com

    *Local Counsel for CustomInk LLC*

<u>VERIFICATION</u>

I, Katherine Hubbs, am Design Resources Coordinator at CustomInk, LLC. I am authorized to make this verification on behalf CustomInk, LLC. I have reviewed **PLAINTIFF CUSTOMINK, LLC'S RESPONSES TO DEFENDANT SHIRTMAGIC, LLC'S FIRST SET OF REQUEST FOR PRODUCTION** and am familiar with the contents thereof. I am informed and believe that the responses stated therein are true and correct to the best of my knowledge.

I declare under penalty of perjury of the laws of the State of Virginia that the foregoing is true and correct and that this Verification was hereby executed on this 24th day of October, 2011.

KATHERINE HUBBS

11

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via Federal Express this 24th day of

October, 2011, upon:

>    Alan H. Yamamoto
>    643 S. Washington St.
>    Alexandria, VA 22314
>    Fax : 703.684.6643
>    Email: Yamamoto.law@verizon.net

>    *Counsel for ShirtMagic LLC*

>    _____
>    Douglas A. Winthrop (*pro hac vice*)
>    Elizabeth Wang (*pro hac vice*)
>    Three Embarcadero Center, Seventh Floor
>    San Francisco, CA 94111-4024
>    Direct:       415.677.6477
>    Facsimile:  415.677.6262
>    Email:       dwinthrop@howardrice.com
>    Email:       ewang@howardrice.com

>    *Lead Counsel for CustomInk LLC*

-36-

| CustomInk | ShirtMagic Work | Creator of Work (Individuals identified may be contacted through counsel for CustomInk; each individual identified was an employee of CustomInk at the time the Work was created) | Circumstances of First Publication |
|---|---|---|---|
| Text from www.customink.com | | | |
| Copyright Reg. Nos. TXu1-181-727, TXu1-290-594 | | | |
| "Questions answered" page | | Marc Katz | 2001 |
| "Company Info and Policies" page | | Marc Katz | 2001 |
| "User Agreement" | | Attorney for CustomInk | 2001 |





L  A  W

# E S P I N O S A   T R U E B A™

Jorge Espinosa
*Florida Bar Board Certified*
*Intellectual Property Law*
jespinosa@etlaw.com

3001 Southwest 3rd Avenue
Miami, Florida 33129
T 305.854.0900
F 305.285.5555
www.etlaw.com

October 27, 2011

**VIA E-MAIL AND MAIL –** <u>*ewang@howardrice.com*</u>
Elizabeth Wang, Esq.
Howard Rice, et al.
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4024

      **Re :**   ***ShirtMagic, LLC adv. CustomInk, LLC***
            **Recap of Agreements from Meet and Confer Regarding Discovery**

Dear Lisa:

      Thank you for taking time in reviewing our concerns regarding your objections.  Let me recap what my understanding of what we discussed and of your response.

      With regard to the requests and interrogatories, we believe that in the Eastern District you cannot simply state general objections applicable to all discoveries.  The problem with the blanket objections, generally and more specifically where you object but nevertheless provide a response, is that we cannot be certain that your response was complete or whether documents were withheld.  To the extent that an objection applies to a request or interrogatory, it has to be pled with specificity.  In other words, if you object on the basis that the request or interrogatories covers privileged communications, then such communications need to exist and you need to provide a privilege log.  We have not received a privilege log, so we do not understand the reason for these objections and the other general objections.

**Requests for Production**

      With regard to Request 1, no documents were provided.  We understand that you will produce responses pursuant to the protective order and will withdraw the general objections.

      With regards to Requests 2 and 3, you will withdraw the objections and provide documents that you presently have, subject to the protective order.



Elizabeth Wang, Esq.
October 27, 2011
Page 2

With regard to Requests 4, 5, 7, 9, and 10, you will withdraw the objections and provide documents that you presently have subject to the protective order. You understand and agree that in response to request 5, you will either provide discovery or explain that you are relying solely on statutory damages in the case.

With regard to Request 6, you indicated that you are seeking a copy of registration TX 7-349-609 and will inform by the end of tomorrow the status of that production.

With regard to Requests 11 and 12, we explained why this information is needed in determining your client's entitlement to damages under section 504(a). This information is essential in determining the basis for a reasonable royalty. You agreed that you will either withdraw the objections and provide responses, or will state that you are limiting your damage request to statutory damages.

With regard to Request 13, we explained that correspondence from consumers regarding what they think of a work, where they saw the work, who they think owns the work, similar works, etc... are all relevant to a determination of ownership, registrability and authorship. You indicated that you will withdraw your objections and provide a response.

With regard to Request 14, we explained that correspondence to third parties regarding merchandise displaying the work goes to waiver, estoppel and abandonment. You indicated that you will withdraw your objections and provide a response.

### Interrogatories

With regard to Interrogatories 1, 2 and 3, the courts in the Eastern District and in the Fourth Circuit have ruled such discovery appropriate in an infringement case. You have agreed to answer these interrogatories based on the information you have at present.

With regard to Interrogatory 4, Exhibit A is missing the name of the attorney. You indicated that you are seeking that information and will try to provide it by the end of the week or at least inform us of the status.

With regard to Interrogatory 5, you explained that the company published the works and the individuals listed in Exhibit A were salaried employees.

With regard to Interrogatory 6, we explained the response was inadequate in detail. In particular, we need great detail as to when the company learned of the use of the website content and when it learned as to each of the designs. We understand that the first design was discovered as indicated in the response, but we need information regarding the other designs. You agreed to discuss with your client in order to try to supplement.

### Depositions

We have previously asked you for a date to conduct depositions. You indicated that you will speak to your client and will try to provide those dates by the end of day tomorrow.

Elizabeth Wang, Esq.
October 27, 2011
Page 3

Finally, with regard to the protective order, you indicated that it has been signed and sent to us. We suggest that once it has been signed by both parties, we abide by the order and exchange documents subject to its terms in anticipation of the Court's order.

Please review this letter carefully and let us know if we have misconstrued your position in any regard.

Sincerely yours,

ESPINOSA | TRUEBA, P.L.

By: _____
     Jorge Espinosa

cc:   Francesca Russo, Esq. *(via e-mail)*
      Alan H. Yamamoto, Esq. *(via e-mail & mail)*

## Lisel Mansen

| | |
|---|---|
| **From:** | Jorge Espinosa |
| **Sent:** | Tuesday, November 08, 2011 11:24 AM |
| **To:** | Lisel Mansen |
| **Subject:** | FW: Protective Order 10-31-11 revised to correct signature block only |

Jorge Espinosa
*Florida Bar Board Certified*
*Intellectual Property Law*

**Espinosa | Trueba** <sup>PL</sup>
www.etlaw.com

3001 SW 3rd Ave.
Miami, FL 33129
Tel.: (305) 854-0900
Fax: (305) 285-5555
Cel.: (305) 773-3450

**From:** Jorge Espinosa
**Sent:** Wednesday, November 02, 2011 3:04 PM
**To:** 'Lisa Wang'
**Cc:** Francesca Russo; Douglas A. Winthrop
**Subject:** RE: Protective Order 10-31-11 revised to correct signature block only

The motion would not be ready to file until late tomorrow anyway so more than glad to wait until I hear back from you. Thanks.

Jorge Espinosa
*Florida Bar Board Certified*
*Intellectual Property Law*

**Espinosa | Trueba** <sup>PL</sup>
www.etlaw.com

3001 SW 3rd Ave.
Miami, FL 33129
Tel.: (305) 854-0900
Fax: (305) 285-5555
Cel.: (305) 773-3450

**From:** Lisa Wang [mailto:ewang@howardrice.com]
**Sent:** Wednesday, November 02, 2011 2:49 PM
**To:** Jorge Espinosa
**Cc:** Francesca Russo; Douglas A. Winthrop
**Subject:** RE: Protective Order 10-31-11 revised to correct signature block only



1

Jorge,

Attached is the signed Stipulated Protective Order.  In addition, you will be receiving a response to the discovery issues you raised by the end of today.  I have been out of the office the past two days on a personal matter and have needed to check in with the client on several issues.  I still believe we can address your concerns without a motion to compel.

Regards,
Lisa

---

**From:** Jorge Espinosa [mailto:jespinosa@ETLAW.COM]
**Sent:** Wednesday, November 02, 2011 11:43 AM
**To:** Lisa Wang
**Cc:** Francesca Russo
**Subject:** RE: Protective Order 10-31-11 revised to correct signature block only

Lisa,

Since we still not have a response to the questions that we discussed we will have to file an initial motion to compel.  You indicated that we will supplement to modify the motion if we can work any issues out later.

Jorge Espinosa
*Florida Bar Board Certified*
*Intellectual Property Law*

**Espinosa | Trueba** PL
www.etlaw.com

3001 SW 3rd Ave.
Miami, FL 33129
Tel.: (305) 854-0900
Fax: (305) 285-5555
Cel.: (305) 773-3450

---

**From:** Lisa Wang [mailto:ewang@howardrice.com]
**Sent:** Tuesday, November 01, 2011 3:45 PM
**To:** Ivelisse Gonzalez; Douglas A. Winthrop
**Cc:** Francesca Russo; Jorge Espinosa
**Subject:** RE: Protective Order 10-31-11 revised to correct signature block only

I have been out of the office yesterday and today, but will try to send you a pdf of the signed stipulated protective order by the COB today.

Regards,
Lisa

---

**From:** Ivelisse Gonzalez [igonzalez@ETLAW.COM]
**Sent:** Monday, October 31, 2011 11:23 AM
**To:** Lisa Wang; Douglas A. Winthrop
**Cc:** Francesca Russo; Jorge Espinosa
**Subject:** Protective Order 10-31-11 revised to correct signature block only

Good Afternoon Ms. Wang and Mr. Winthrop:

Ms. Russo requested that I forward to you the attached Stipulated Protective Order for your signature. If you have any questions or comments, please contact Ms. Russo directly.

Very truly yours,

Ivy Gonzalez
Legal Assistant



L A W

**Espinosa | Trueba** PL

*Our Professional's blogs:*
cloud computing | green IP | fashion | parallel market law

*Miami*
3001 SW 3rd Avenue
Miami, Florida 33129
Tel.: (305) 854-0900
Fax: (305) 285-5555

*Weston/Fort Lauderdale*
1792 Bell Tower Lane
Weston, FL 33326
Tel: (954) 332-5999
www.etlaw.com

 Please consider the environment before printing this e-mail.

*NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.*

*To ensure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that none of the information contained in this e-mail is intended as tax advice including but not limited to advice regarding the tax code, your tax planning or your eventual tax obligations, and that nothing in this e-mail was intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code.*

This message and any files or text attached to it are intended only for the recipients named above, and contain information that may be confidential or privileged. If you are not an intended recipient, you must not read, copy, use or disclose this communication. Please also notify the sender by replying to this message, and then delete all copies of it from your system. Thank you.

**From:** Jorge Espinosa
**Sent:** Tuesday, November 01, 2011 1:33 PM
**To:** 'Douglas A. Winthrop'
**Cc:** Lisa Wang; Francesca Russo; Alan H. Yamamoto (yamamoto.law@verizon.net)
**Subject:** RE: Experts

Doug,

Let me start with the item which I consider most important. We need to resolve the outstanding discovery issues on our meet and confer. In particular, we still do not have the identity of the attorney named in your production and we are missing details in your responses. These were addressed in a letter to Lisa from last week. We want to avoid moving to compel but can only do so for so long due to the deadlines. Please make this a priority.

With regards to the schedule change for experts, we have no objection.

With regards to your motion to amend your complaint, regrettably we have not been authorized to consent to your amendment.   The problem is, in part, that once you amend we may not have sufficient time to address your new claims.  Unless the deadlines can be moved the defendant would be prejudiced by the new allegations.

Finally, I appreciate and look forward to your settlement letter.

Jorge Espinosa
*Florida Bar Board Certified*
*Intellectual Property Law*

Espinosa | Trueba PL
www.etlaw.com

3001 SW 3rd Ave.
Miami, FL 33129

1

Tel.: (305) 854-0900
Fax: (305) 285-5555
Cel.: (305) 773-3450

**From:** Douglas A. Winthrop [mailto:dwinthrop@howardrice.com]
**Sent:** Tuesday, November 01, 2011 12:58 PM
**To:** Jorge Espinosa
**Cc:** Lisa Wang
**Subject:** Experts

Jorge--

The current schedule has expert disclosures by 11/4, 11/18 and 12/2. In our call yesterday, we agreed to moving ours back by 10 days after you respond to our discovery, or November 23. However, in looking at the calendar, it seems to me that that will not leave you enough time to disclose your experts. So, I am scaling back our proposal to 11/18 for us (as opposed to 11/23). I propose that your disclosure deadline be 11/29 and that rebuttal experts be disclosed by 12/2. That's still really tight, but at least it's after some discovery. Hopefully, the court will agree to an extension of the discovery cutoff deadline so all of this can be done on a more appropriate schedule. I would like to get something on file with the court today.

Also, can you please confirm that you have conferred with your client and that you do not oppose our motion to amend to add the copyright claims re the additional images that we have identified on the ShirtMagic site? We need to file an opposition or a no-opposition today to your motion to amend. As we discussed, we won't oppose yours if you don't oppose ours.

As we also discussed, I will send you a letter about settlement that includes a description of the additional claims. I hope to have that to you by morning.

Finally, I'll have responses for you on the open meet and confer issues tomorrow.

Thanks,
Doug

This message and any files or text attached to it are intended only for the recipients named above, and contain information that may be confidential or privileged. If you are not an intended recipient, you must not read, copy, use or disclose this communication. Please also notify the sender by replying to this message, and then delete all copies of it from your system. Thank you.

# HowardRice

Three Embarcadero Center, Seventh Floor
San Francisco, CA 94111-4024
415.434.1600 main
415.677.6262 fax
howardrice.com

Elizabeth Wang
415.677.6447 direct
ewang@howardrice.com

November 4, 2011

VIA E-MAIL JESPINOSA@ETLAW.COM

Jorge Espinosa
Espinosa Trueba PL
3001 SW 3rd Avenue
Miami, Florida 33129

Re:   <u>CustomInk, LLC v. ShirtMagic, LLC, Case No. 1:11CV662 CMH-TCB</u>

Dear Jorge:

We are in receipt of your two letters of October 27, 2011 regarding our meet and confer conference on CustomInk, LLC's ("CustomInk") discovery responses.

As a preliminary matter, we appreciate your client's desire to remove images which infringe upon CustomInk's copyrights. As I pointed out during our call, it appears there are design templates shown in Exhibit A to CustomInk's responses to ShirtMagic's First Set of Interrogatories that are still on the ShirtMagic site, www.shirtmagic.com. As you have also been informed, there are additional graphic images on the ShirtMagic site that CustomInk believes infringe on the copyright registrations at issue. These images will be included in CustomInk's supplemental discovery responses and we request that your client also remove these images from the ShirtMagic site once identified. Although CustomInk, through its supplemental discovery responses will identify the infringements it is claiming to date, it does not waive or limit any rights CustomInk has to identify later-discovered infringements.

## <u>CustomInk's Discovery Responses</u>

### *General Objections*

We have reviewed Magistrate Judge Buchanan's February 2, 2010 opinion in *Barb v. Brown's Buick*, which you directed me to. After reading the opinion, I do not believe that the General Objections in CustomInk's discovery responses are "designed to obfuscate." CustomInk makes only one General Objection to the Interrogatories and only three General Objections to the



Jorge Espinosa
November 4, 2011
Page 2

Requests for Production ("RFPs"). The General Objections object to the extent the
"Instructions," "Manner of Production," and "Electronically Stored Information" as set forth in
ShirtMagic's discovery requests seek to impose duties or obligations beyond those required
under the Federal Rules of Civil Procedure or applicable local rule. ShirtMagic would not be
entitled any discovery outside the scope of the Federal Rules of Civil Procedure in any event,
accordingly, CustomInk's General Objections are proper.

CustomInk also makes a General Objection to the RFP's to the extent they seek disclosure
of information protected by the attorney-client privilege, the work product privilege, or other
applicable privileges or protections. If there are any documents withheld on these grounds,
CustomInk will produce a privilege log. Finally, we note that ShirtMagic has included various
General Objections in its responses to CustomInk's discovery. It is disingenuous for ShirtMagic
to take the position that CustomInk must strike its General Objections while maintaining that it is
entitled to these same (actually more) General Objections. As such, CustomInk will not
withdraw its General Objections.

*Requests for Production*

**RFP No. 1:** CustomInk will supplement its response and will agree to produce non-privileged
documents within its possession, custody, or control, that relate to CustomInk's claims and
ShirtMagic's defenses that are currently known to CustomInk. To the extent any privileged
documents are withheld, CustomInk will produce a privilege log.

**RFP Nos. 2 & 3:** CustomInk will supplement its responses to say that it has not made a
determination at this point in time of any documents it intends to present at trial, a hearing, or
with any documents filed with the Court.

**RFP No. 4:** As stated in the response, CustomInk agrees to produce non-privileged documents
within its possession custody or control that it identifies in any interrogatories propounded by
Defendant. As discussed above, CustomInk will not be withdrawing its General Objections to
this RFP.

**RFP No. 5:** CustomInk will not withdraw its General or specific objections to this RFP.
CustomInk intends to seek actual damages for infringements where statutory damages are not
available. CustomInk will produce non-privileged documents within its possession, custody, or
control related to its theory of actual damages.

Jorge Espinosa
November 4, 2011
Page 3

**RFP No. 6:** We confirm that CustomInk is not claiming any infringements based upon Copyright Registration No. TX 7-349-609.

**RFP No. 7:** CustomInk will not withdraw its General or specific objections to this RFP. CustomInk has agreed to produce non-privileged documents within its possession, custody or control relating to the creation of the Works in question, including the date of creation and the identity of the person who originally created the Work. The identities of the individuals who created the works are listed in Exhibit A to CustomInk's Interrogatory responses.

**RFP No. 9:** CustomInk will not withdraw its General or specific objections to this RFP. CustomInk has agreed to produce non-privileged documents within its possession, custody or control relating to the first publication of the Works in question. The dates of first publication of the Works in question are listed in Exhibit A to CustomInk's Interrogatory responses.

**RFP No. 10:** CustomInk will not withdraw its General or specific objections to this RFP. CustomInk has agreed to produce non-privileged documents relating to ShirtMagic's alleged infringement of CustomInk's Works. To the extent any privileged documents are withheld, CustomInk will produce a privilege log.

**RFP Nos. 11 & 12:** CustomInk will not withdraw its General or specific objections to this RFP. CustomInk intends to seek actual damages for infringements where statutory damages are not available. Nevertheless, we do not believe the information requested in these two Requests are necessary to determine a reasonable royalty. Please elaborate your position further.

**RFP No. 13:** CustomInk will amend its responses to state that after a diligent search and reasonable inquiry, CustomInk has not located any documents responsive to this Request at this time.

**RFP No. 14:** CustomInk will amend its responses to state that after a diligent search and reasonable inquiry, CustomInk has not located any documents responsive to this Request at this time.

*Interrogatories*

**Interrogatory No. 1:** As CustomInk has agreed to produce all responsive produce non-privileged documents within its possession, custody, or control, that relate to CustomInk's claims and ShirtMagic's defenses that are currently known to CustomInk (see RFP No. 1, above), CustomInk stands by its objection that it is unduly burdensome to require CustomInk to

Jorge Espinosa
November 4, 2011
Page 4

additionally identify each document. The case you cited, *United Oil Co., Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404 (D. Md. 2005), does not support the proposition that CustomInk must identify all documents that "relate to a claim or defense that has been raised by any party or is likely to be raised by Plaintiff in the above-captioned action." Indeed, in *United Oil*, the court held a similar interrogatory asking "If you intend to rely upon any documents or other tangible things to support a position that you have taken or intend to take in the action, including any claim for damages, provide a brief description, by category and location, of all such documents and other tangible things" to be overbroad. CustomInk will accordingly not provide a supplemental response to this Interrogatory.

**Interrogatory No. 2:** CustomInk will supplement its Interrogatory responses to include all Works that CustomInk is currently alleging ShirtMagic has infringed, which will be included in Exhibit A and the supplement to Exhibit A.

**Interrogatory No. 3:** CustomInk will supplement its Interrogatory responses to include information regarding its actual damages under 17 U.S.C. §504(b).

**Interrogatory No. 4:** We have consulted with our client, and cannot currently identify the individual who created the User Agreement. If we are able to do so, we will supplement our response.

**Interrogatory No. 6:** CustomInk's response is sufficient pursuant to the Federal Rules of Civil Procedure Rule 33(b)(3). ShirtMagic can discover additional information regarding this subject matter through other discovery devices.

We will be sending a supplemental document production on Monday, November 7.

Sincerely,

Elizabeth Wang

EW/elw
cc:   Alan H. Yamamoto, Esq. (via email)
      Douglas A. Winthrop, Esq. (via email)
      Randall M. Miller, Esq. (via email)
      Nicholas M. DePalma (via email)